UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---

JENNY HWANG, on behalf of herself and all others similarly situated,

                Plaintiff,

-against-

COUPLE SPA 65, INC.,

                Defendant.

MEMORANDUM & ORDER

23-CV-5336 (NGG) (RML)

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Jenny Hwang, a visually-impaired and legally blind person, brought this putative class action against Defendant Couple Spa 65, Inc., alleging violations of the Americans with Disabilities Act ("ADA"), New York State Human Rights Law ("NYSHRL"), New York State Civil Rights Law, and New York City Human Rights Law ("NYCHRL"), in connection with Defendant's alleged failure to design and operate its website to be fully accessible to Plaintiff and other blind or visually-impaired persons. (*See generally* Comp. (Dkt. 1).) Plaintiff seeks declaratory judgment, injunctive relief, compensatory damages, and attorneys' fees, expenses, and costs. (*Id.* at 28-29.) When Defendant failed to appear, Plaintiff submitted a request for certificate of default. (Request for Certificate of Default (Dkt. 7).) The Clerk of Court entered a default against Defendant on December 5, 2023. (Entry of Default (Dkt. 9).) Plaintiff then moved for default judgment against Defendant on March 7, 2024. (*See* First Mot. for Default Judg. (Dkt. 10).) The court referred the motion to then-Magistrate Judge Bulsara for a Report and Recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b)(1). (3/13/2024 Order Referring Mot.) The court adopted Magistrate Judge Bulsara's R&R dated September 26, 2024, which recommended that the court deny Plaintiff's first motion for default judgment because Plaintiff failed to comply

1

with Local Civil Rule 7.1 (*See* 10/7/2024 Order.) Plaintiff filed a second motion for default judgment against Defendant on December 10, 2024. (*See* Second Mot. for Default Judg. (Dkt. 11).) On December 13, 2024, the court referred Plaintiff's second motion to Magistrate Judge Robert M. Levy for an R&R pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b)(1). (12/13/2024 Order Referring Mot.) Judge Levy issued the annexed R&R on August 18, 2025, recommending that the court grant Plaintiff's second motion for default judgment in part and deny it in part. (R&R (Dkt. 13) at 1.) Specifically, Judge Levy recommended that the court rule on Plaintiff's motion as follows: "(a) issue an injunction prohibiting defendant from discriminating against plaintiff and (1) requiring defendant to submit to plaintiff's counsel an implementation plan that remedies the violations identified within sixty days of any order adopting the report and recommendation; (2) granting plaintiff thirty days from receipt of defendant's plan either to consent or to seek further relief from the court; and (3) directing defendant to make the necessary changes within sixty days of plaintiff's consent or any ruling on plaintiff's request for further relief; (b) award plaintiff $1,000 in compensatory damages under the NYSHRL and NYCHRL; (c) deny plaintiff's request for declaratory relief; and (d) direct plaintiff to file a motion for attorney's fees and costs within thirty days of any order adopting the report and recommendation." (R&R at 13-14.)

No party has objected to Judge Levy's R&R, and the time to do so has passed. *See* Fed. R. Civ. P. 72(b)(2). Therefore, the court reviews the R&R for clear error. *Velasquez v. Metro Fuel Oil Corp.*, 12 F. Supp. 3d 387, 397 (E.D.N.Y. 2014). Having found none, the court ADOPTS the R&R in full.

The court GRANTS Plaintiff's second motion for default judgment in part and DENIES it in part. The court respectfully DIRECTS the Clerk of Court to enter default judgment against

Couple Spa 65, Inc. The court permanently ENJOINS Couple Spa 65, Inc. from discriminating against Jenny Hwang, DIRECTS Couple Spa 65, Inc. to submit to counsel for Jenny Hwang an implementation plan that remedies the violations identified in the R&R within 60 days of this Memorandum & Order, DIRECTS Jenny Hwang to consent or seek further relief from the court within 30 days of receipt of Couple Spa 65, Inc.'s implementation plan, and DIRECTS Couple Spa 65, Inc. to make the necessary changes within 60 days of Jenny Hwang's consent or any other ruling from the court on Jenny Hwang's requested for further relief. The court awards Jenny Hwang $1,000.00 in compensatory damages under the NYSHRL and NYCHRL. The court DENIES Jenny Hwang's request for declaratory relief. The court DIRECTS Jenny Hwang to file a motion for attorneys' fees and costs within 30 days of this Memorandum & Order.

SO ORDERED.

Dated:   Brooklyn, New York
         September 23, 2025

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------X
JENNY HWANG, on behalf of herself
and all others similarly situated,

                Plaintiff,                              REPORT AND
                                                        RECOMMENDATION
     -against-                                          23 CV 5336 (NGG)(RML)

COUPLE SPA 65, INC.,

                Defendant.
---------------------------------------------------X
```

LEVY, United States Magistrate Judge:

By order dated December 13, 2024, the Honorable Nicholas G. Garaufis, United States District Judge, referred plaintiff's motion for default judgment to me for report and recommendation. For the reasons set forth below, I respectfully recommend that plaintiff's motion be granted in part and denied in part.

## BACKGROUND

Plaintiff Jenny Hwang ("plaintiff") initiated this action, on behalf of herself and all others similarly situated, against defendant Couple Spa 65, Inc. ("defendant") for alleged violations of the public accessibility requirements of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181, *et seq.*; the New York State Human Rights Law ("NYSHRL"), N.Y. EXEC. L. §§ 292, *et seq.*; the New York State Civil Rights Law ("NYSCRL"), N.Y. C.R. L. §§ 40, *et seq.*; and the New York City Human Rights Law ("NYCHRL"), N.Y.C. ADMIN. CODE §§ 8-102, *et seq.* (Complaint, filed July 13, 2023 ("Compl."), Dkt. No. 1.) Plaintiff seeks declaratory and injunctive relief, compensatory damages, and attorney's fees and costs. (Id. at 28–29.) The following facts are taken from the complaint and assumed to be true for the purposes of this motion. Bricklayers & Allied Craftworkers Loc. 2 v. Moulton Masonry & Constr., LLC, 779 F.3d 182, 187–90 (2d Cir. 2015).

I. <u>Factual Background</u>

Plaintiff is a visually impaired and blind person residing in Queens, New York. (Compl. ¶¶ 2, 16–17.) Plaintiff requires screen-reading software to access website content from her computer. (Id. ¶ 2.) Screen-reading software is commonly used by visually impaired and blind people to access websites; however, websites must have specific design elements for such software to function properly. (Id. ¶¶ 20–22.)

Defendant is a New York corporation with its principal place of business at 320 East 65th Street, New York, New York. (Id. ¶ 17.) Defendant controls and operates the website Thecouplespa.com (the "Website"), which "provides consumers with access to an array of [*sic*] and couple's massage, couple's bar, facial and body treatments and aromatherapy which [d]efendant offers in connection with their physical location." (Id. ¶¶ 18, 24.)

On July 7, 2023, plaintiff was browsing online for "a spa where she could relax and de-stress with her friend." (Id. ¶ 10.) She was looking specifically "for a place [that] provid[ed] not only wellness and treatment services but also a bar or dining venue." (Id.) In her search, plaintiff "came across [the Website] . . . and wanted to learn more about [d]efendant's physical location to visit it in the future." (Id.) Plaintiff was unable to independently navigate the Website to obtain information about defendant's physical location or service hours because it was not compatible with her screen-reading technology. (Id. ¶ 36.) Plaintiff alleges that the Website contains access barriers to blind and visually impaired people including inaccurate heading hierarchy, inadequate focus order, ambiguous link texts, a lack of alt-text on graphics, inaccurate drop-down menus, and a requirement that transactions be performed solely with a mouse. (Id. ¶¶ 29–33.) Plaintiff visited the Website a second time on July 8, 2023, intends to visit it again "immediately" upon it's being made accessible, and "would like to visit one of [d]efendant's physical spa locations." (Id. ¶ 37.)

2

II.     Procedural Background

Plaintiff initiated this action on July 13, 2023, (Compl.), and properly served defendant with the summons and complaint on August 1, 2023. (Affirmation of Avatar Neal, sworn to Aug. 3, 2023, Dkt. No. 5.) Due to defendant's failure to answer or otherwise respond to the complaint, plaintiff requested a certificate of default. (See Request for Certificate of Default, dated Nov. 23, 2023, Dkt. No. 8.) On December 5, 2023, the Clerk of the Court certified defendant's default. (Entry of Default, dated Dec. 5, 2023, Dkt. No. 9.)

Plaintiff filed her first motion for default judgment on March 7, 2024. (Motion for Default Judgment, dated Mar. 7, 2024, Dkt. No. 10.) That motion was denied without prejudice to renewal for failure to comply with Local Civil Rules 7.1(a)(2) and 55.2(a)(2). (Order, dated Sept. 26, 2024; Order, dated Oct. 7, 2024.) Plaintiff filed the instant motion on December 10, 2024, (Motion for Default Judgment and Memorandum of Law in Support, dated Dec. 10, 2024 ("Pl.'s Mem."), Dkt. No. 11), and a certificate of service in compliance with Local Civil Rule 55.2(a)(3) on December 13, 2024, (Affirmation of Mars Khaimov, Esq., sworn to Dec. 13, 2024, Dkt. No. 12).

DISCUSSION

I.      Default Judgment Standard

Federal Rule of Civil Procedure 55 "provides a two-step process for obtaining default judgment." Priestley v. Headminder, Inc., 647 F.3d 497, 504 (2d Cir. 2011). First, where a party's failure to respond is "shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). Second, the plaintiff must petition the Court for an entry of default judgment pursuant to Rule 55(b)(2). See Priestley, 647 F.3d at 505.

3

In deciding a motion for default judgment, a court accepts as true the plaintiff's well-pleaded factual allegations, except those relating to damages. Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992); see also Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981). "The plaintiff bears the burden of alleging specific facts, rather than mere labels and conclusions or a formulaic recitation of the elements, so that a court may infer a defendant's liability." Dunston v. Babushka LLC, No. 24 CV 2969, 2024 WL 5164694, at *3 (E.D.N.Y. Dec. 19, 2024) (marks and citations omitted). The plaintiff also bears the burden of presenting proof of damages and establishing entitlement to injunctive relief. Chavez v. 25 Jay St. LLC, No. 20 CV 845, 2021 WL 982865, at *2 (E.D.N.Y. Feb. 24, 2021), report and recommendation adopted, 2021 WL 980257 (E.D.N.Y. Mar. 16, 2021).

II.     Standing

"To establish [Article III] standing, a plaintiff must show (i) that he [or she] suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." TransUnion LLC v. Ramirez, 594 U.S. 413, 423 (2021) (citing Lujan v. Defs. of Wildlife, 504 U.S. 555, 560–61 (1992)). "[S]tanding is a threshold matter of justiciability, and if a plaintiff lacks standing to sue, the Court has no choice but to dismiss the plaintiff's claim for lack of subject-matter jurisdiction." Dunston v. Piotr & Lucyna LLC, No. 21 CV 6402, 2023 WL 5806291, at *4 (E.D.N.Y. July 26, 2023), report and recommendation adopted, 2023 WL 5806253 (E.D.N.Y. Sept. 7, 2023) (citing Tavarez v. Moo Organic Chocolates, LLC, 623 F. Supp. 3d 365 (S.D.N.Y. 2022)). "Like all subject matter issues, standing can be raised *sua sponte*." Id. (quoting Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, LLC, 433 F.3d 181, 198 (2d Cir. 2005)).

4

A plaintiff seeking injunctive relief has suffered an injury in fact under the ADA if: (1) the plaintiff alleges past injury under the ADA; (2) it is reasonable to infer that the discriminatory treatment will continue; and (3) it is reasonable to infer that the plaintiff intends to return to the subject location. Calcano v. Swarovski N. Am. Ltd., 36 F.4th 68, 74 (2d Cir. 2022) (quoting Kreisler v. Second Ave. Diner Corp., 731 F.3d 184, 187–88 (2d Cir. 2013)). "To satisfy standing in ADA website cases specifically, courts in this district have required the plaintiff to allege certain facts in detail, including when they attempted to access . . . the website, what they were attempting to do on the website, the specific barriers that prevented them from gaining access, and how they intend to utilize the website in the future." Sookul v. Fresh Clean Threads, Inc., 754 F. Supp. 3d 395, 401–02 (S.D.N.Y. 2024) (quoting Angeles v. Grace Prod., Inc., No. 20 CV 10167, 2021 WL 4340427, at *2 (S.D.N.Y. Sept. 23, 2021) (collecting cases)).

Plaintiff has satisfied each of the three elements. First, as to "past injury under the ADA," Calcano, 36 F.4th at 74, plaintiff alleges that, on multiple occasions, she visited the Website but was unable to obtain information about defendant's services, prices, location and hours of operation due to specifically identified accessibility barriers. (Compl. ¶¶ 32–36.) The Second Circuit has "repeatedly described [the injury-in-fact] requirement as a low threshold," John v. Whole Foods Mkt. Grp., Inc., 858 F.3d 732, 736 (2d Cir. 2017), and district courts have found sufficient evidence of past injury under similar facts. See, e.g., Quezada v. U.S. Wings, Inc., No. 20 CV 10707, 2021 WL 5827437, at *4 (S.D.N.Y. Dec. 7, 2021) (finding injury-in-fact where plaintiff alleged that he was unable to determine specific information about defendant's products due to accessibility barriers on defendant's website); Camacho v. Vanderbilt Univ., No. 18 CV 10694, 2019 WL 6528974, at *9 (S.D.N.Y. Dec. 4, 2019) (finding injury-in-fact where plaintiff alleged to have tried to learn more about a college on its website but could not navigate

5

the site because it was incompatible with his screen-reading software). Plaintiff has alleged sufficient facts to support a finding of past injury due to defendant's failure to make the Website accessible.

Second, as to whether "it [is] reasonable to infer that the discriminatory treatment [will] continue," Calcano, 36 F.4th at 74, plaintiff alleges that she visited the Website on at least two occasions and has not been able to access its content. (Compl. ¶ 36.) "This supports an inference that the Website has not been altered to fix the barriers [p]laintiff encountered, and that [s]he will continue to be unable to access the Website." Camacho, 2019 WL 6528974, at *10. Third, as to whether it is reasonable to infer an intent to return, Calcano, 36 F.4th at 74, plaintiff states that she intends to return to the Website "immediately" after its accessibility barriers are removed because she "enjoys the Japanese-inspired interior of the salon and a wide variety of unique spa services offered by [defendant], and would like to visit one of [defendant's] physical spa locations." (Id. ¶ 37.) "As websites are already easily accessible at any moment, [plaintiff's] claim that [s]he will return to the website . . . once the issues are remedied is sufficient to satisfy this prong of standing." Quezada, 2023 WL 5827437, at *4. See also Hernandez v. Janie & Jack, LLC, No. 24 CV 5354, 2025 WL 1898930, at *1 (E.D.N.Y. July 9, 2025) ("In cases challenging the accessibility of websites, a plaintiff can satisfy this intent-to-return requirement with non-conclusory, plausible factual allegations . . . that the plaintiff intends to return to the website."); Camacho, 2019 WL 6528974, at *11 (reasonably inferring intent to return based on allegations that plaintiff (1) tried to visit the website on multiple occasions, (2) stated his intent to visit the website in the future, and (3) could easily return to the website should it be made accessible).

6

"Plaintiff's New York State and City claims are governed by the same standing requirements as the ADA." Sookul, 754 F. Supp. 3d at 404 (quoting Mendez v. Apple Inc., No. 18 CV 7550, 2019 WL 2611168, at *4 (S.D.N.Y. Mar. 28, 2019) (collecting cases)). Because plaintiff has standing to bring suit under the ADA, she also has standing under the NYSHRL and NYCHRL. For these reasons, I find that plaintiff has pleaded sufficient facts to establish standing for all her claims.

III. Liability[1]

A. Americans with Disabilities Act

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). To state a claim under the ADA, a plaintiff must allege (1) that he or she is disabled within the meaning of the ADA; (2) that the defendant owns, leases, or operates a place of public accommodation; and (3) that defendant discriminated against the plaintiff within the meaning of the ADA. Sumlin v. New York Beer Co., No. 24 CV 8448, 2025 WL 1703067, at *2 (S.D.N.Y. June 18, 2025) (quoting Roberts v. Royal Atl. Corp., 542 F.3d 363, 368 (2d Cir. 2008)).

---

[1] Plaintiff originally filed this action on behalf of herself and a putative class of "all legally blind individuals in the United States who have attempted to access [the Website] and as a result have been denied access to the enjoyment of goods and services offered by [the Website] during the relevant statutory period." (Compl. ¶ 43.) Plaintiff did not seek class certification before moving for default judgment and the motion for default judgment does not address Rule 23 certification. (See Pl.'s Mem.) "While there is a general principle that factual allegations in the complaint are deemed admitted by the defendant upon default, Rule 23(c) imposes an independent duty on the district court to determine by order that the requirements of Rule 23(a) are met regardless of the defendant's admissions, and thus the Court cannot permit certification by default." Winegard v. Crain Commc'ns, Inc., No. 20 CV 1509, 2021 WL 1198960, at *2 (S.D.N.Y. Mar. 30, 2021) (internal marks, alterations, and citations omitted). Accordingly, I consider default judgment for plaintiff alone. Id.

7

Plaintiff has established a prima facie ADA claim.  First, plaintiff is legally blind, (Compl. ¶¶ 2, 16), and therefore disabled within the meaning of the ADA.  See 42 U.S.C. § 12102 (defining "disability" as "a physical or mental impairment that substantially limits one or more major life activities," including "seeing"); 29 C.F.R. § 1630.2(j)(3)(iii) ("[I]t should easily be concluded that the following types of impairments will, at a minimum, substantially limit the major life activities indicated: . . . blindness substantially limits seeing.").  Second, defendant operates the Website, (Compl. ¶¶ 24–25), which is a place of public accommodation.  Duncan v. Skin Bar NYC, LLC, No. 19 CV 5188, 2021 WL 9204082, at *3 (S.D.N.Y. May 18, 2021); see also Del-Orden v. Bonobos, Inc., No. 17 CV 2744, 2017 WL 6547902, at *4 (S.D.N.Y. Dec. 20, 2017) ("[T]he ADA clearly applies to private commercial websites which (as here) operate in tandem with the merchant's conventional (i.e., brick and mortar) places of public accommodation.").

Third, plaintiff has demonstrated that the Website discriminates against her within the meaning of the ADA.  Plaintiff alleges that the Website contains access barriers that prevent her, as a blind person, from independently navigating the Website and obtaining information about defendant's goods and services, location, and hours of operation.  (Compl. ¶¶ 29–36.)  These allegations, taken as true, plausibly show that defendant discriminated against plaintiff by denying her full and equal opportunity to use the Website.  Sumlin, 2025 WL 1703067, at *2; Thorne v. Formula 1 Motorsports, Inc., No. 19 CV 1077, 2019 WL 6916098, at *3 (S.D.N.Y. Dec. 19, 2019); Wu v. Jensen-Lewis Co., 345 F. Supp. 3d 438, 443 (S.D.N.Y. 2018).  Because (1) plaintiff's blindness qualifies as a disability under the ADA, (2) the Website is a place of public accommodation, and (3) defendant denied plaintiff full and equal enjoyment of the Website on account of her disability, I find that plaintiff has stated a claim under the ADA.

B. New York State Human Rights Law

Plaintiff brings the same claim for discrimination under the New York State Human Rights Law.[2] "A claim of disability discrimination under the [NYSHRL] is governed by the same legal standards as govern federal ADA claims." Graves v. Finch Pruyn & Co., Inc., 457 F.3d 181, 184 n.3 (2d Cir. 2006) (citing Parker v. Columbia Pictures Indus., 204 F.3d 326, 332 n.1 (2d Cir. 2000)). Because plaintiff has stated a claim under the ADA, she has also stated a claim under NYSHRL. Duncan, 2021 WL 9204082, at *4; Thorne, 2019 WL 6916098, at *3.

C. New York City Human Rights Law

Plaintiff also brings a discrimination claim under the New York City Human Rights Law. (Compl. ¶¶ 97–108.) The NYCHRL is "always at least as protective of plaintiffs as its state and federal counterparts[.]" Dominguez v. New York Equestrian Ctr., Ltd., No. 18 CV 9799, 2020 WL 5796275, at *3 (S.D.N.Y. Sept. 28, 2020) (marks and citation omitted); see also Andrews v. Blick Art Materials, LLC, 268 F. Supp. 3d 381, 400 (E.D.N.Y. 2017) ("[F]ederal and state civil rights laws [provide] a floor below which the [NYCHRL] cannot fall." (quoting Loeffler v. Staten Island Univ. Hosp., 582 F.3d 268, 278 (2d Cir. 2009))). Because I find that plaintiff has stated claims under the ADA and the NYSHRL, she has also stated a claim under the NYCHRL.

---

[2] Plaintiff purports to bring claims under both the New York State Human Rights Law, (Compl. ¶¶ 69–83), and the New York State Civil Rights Law, (id. ¶¶ 84–96), "but the two are not separate causes of action, as the [NYSCRL] is the provision of the NYSHRL that provides for penalties." Winegard, 2021 WL 1198960, at *3; see also Andrews v. Blick Art Materials, LLC, 268 F. Supp. 3d 381, 398 (E.D.N.Y. 2017) ("The New York State Human Rights Law ('NYSHRL') is comprised of the New York Executive Law §§ 292 et seq. (which provides the substance of the law) and the New York Civil Rights Law §§ 40 et seq. (which provides for penalties).").

9

    IV.    <u>Requested Relief</u>

        A.  <u>Injunctive Relief</u>

Plaintiff seeks an injunction "requiring Defendant to take all the steps necessary to make [*sic*] its Website into full compliance" with the ADA and its implementing regulations. (<u>See</u> Compl. at 28; Pl.'s Mem. at 5.) Injunctive relief is available under the ADA to rectify violations of access requirements. 42 U.S.C. § 12188(a)(2). As discussed above, plaintiff has established that access barriers on the Website prevent the use of screen-reading software that would otherwise enable her to use and navigate the Website. (Compl. ¶ 16.) When a plaintiff demonstrates that a defendant has failed to remove barriers in violation of 42 U.S.C. § 12182(b)(A)(iv), "injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities." <u>Panarese v. Sell It Soc., LLC</u>, No. 19 CV 3211, 2020 WL 4506730, at *3–4 (E.D.N.Y. July 2, 2020), <u>report and recommendation adopted</u>, 2020 WL 4505703 (E.D.N.Y. Aug. 5, 2020) (quoting 42 U.S.C. § 12188(a)(2)).

The Court looks to the Web Content Accessibility Guidelines ("WCAG") 2.0 Level AA as the appropriate standard to determine whether a defendant's website is in compliance with the ADA's accessibility requirements. <u>Id.</u> (citing <u>Andrews</u>, 286 F. Supp. 3d at 370); <u>see also</u> <u>Duncan</u>, 2021 WL 9204082, at *5 ("In the case of an inaccessible website, the courts frequently rely on WCAG 2.0 to provide an objective standard against which to measure accessibility."). WCAG 2.0 recommend several basic components for making websites accessible to visually impaired individuals, such as adding invisible alternative text to graphics, ensuring that all functions can be performed using a keyboard rather than just a mouse, ensuring that image maps are accessible, and adding headings so that blind people can easily navigate websites. (Compl. ¶ 23.) As this is a motion for default judgment, the Court accepts plaintiff's

allegations as true that the Website is not in compliance with the provisions of WCAG 2.0 and that the implementation of several basic components to bring the Website into compliance with WCAG 2.0 and the ADA is readily achievable.

Therefore, I respectfully recommend that the Court grant plaintiff's request for injunctive relief, enjoin defendant from further discrimination, and order defendant to take the steps necessary to make the Website readily accessible to and usable by visually impaired individuals according to WCAG 2.0. I further recommend that the injunction (1) require defendant to submit to plaintiff's counsel an implementation plan that remedies the violations identified above within sixty days of any order adopting this report and recommendation; (2) grant plaintiff thirty days from receipt of defendant's plans either to consent or to seek further relief from the Court; and (3) direct defendant to make the necessary alterations within sixty days of plaintiff's consent or any ruling on plaintiff's request for further relief. See Chavez, 2021 WL 982865, at *7; Panarese, 2020 WL 4506730, at *4.

B. Declaratory Relief

Plaintiff also seeks a declaration that the Website is in violation of the ADA, the NYSHRL, and the NYCHRL. (Compl. at 27–28; Pl.'s Mem. at 11.) The Declaratory Judgment Act provides that a court "*may* declare the rights and other legal relations of any interested party seeking such declaration." Hum. Res. Rsch. & Mgmt. Grp., Inc. v. Cnty of Suffolk, 687 F. Supp. 2d 237, 267 (E.D.N.Y. 2010) (emphasis added) (quoting 28 U.S.C. § 2201). Thus, "whether to grant a declaratory judgment is in the court's discretion[.]" Id. (citing Wilton v. Seven Falls Co., 515 U.S. 277, 287 (1995)). As I have already recommended that the Court grant plaintiff's request for injunctive relief, I respectfully recommend that the request for declaratory judgment be denied as moot and unnecessary. See Florez v. Mister Cangrejo NY Corp., No. 20 CV 4745, 2022 WL 837490, at *4 n.5 (E.D.N.Y. Mar. 1, 2022), report and recommendation adopted, 2022

11

WL 837056 (E.D.N.Y. Mar. 21, 2022) (finding declaratory relief unnecessary where injunctive relief granted); Volman v. Peri Peri 2 LLC, No. 21 CV 4449, 2022 WL 21842356, at *6 (E.D.N.Y. Aug. 16, 2022) (same); Treyger v. First Class Furniture & Rugs Inc., No. 21 CV 2902, 2022 WL 543026, at *6 (E.D.N.Y. Jan. 10, 2022), report and recommendation adopted, 2022 WL 541795 (E.D.N.Y. Feb. 23, 2022) (same); Chavez, 2021 WL 982865, at *6 (same).

### C. Damages

"Both the NYSHRL and the NYCHRL provide for compensatory damages for anyone aggrieved by discriminatory conduct." Kreisler v. Second Ave. Diner Corp., No. 10 CV 7592, 2012 WL 3961304, at *14 (S.D.N.Y. Sept. 11, 2012), aff'd, 731 F.3d 184 (2d Cir. 2013). "Even when a default judgment is warranted based on a party's failure to defend," a plaintiff must prove damages with a "reasonable certainty." Credit Lyonnais Secs. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999). Here, without submitting a declaration or making any other effort to establish "any particular damage," Kreisler, 2012 WL 3961304, at *14, plaintiff requests $1,500 in compensatory damages. (Pl.'s Mem. at 6.) In such cases, "where plaintiffs have only alleged an inability to access a public accommodation, courts have determined that awards between $500 to $1,000 are appropriate." Cox v. Anjin LLC, No. 19 CV 4315, 2020 WL 5027864, at *8 (S.D.N.Y. July 24, 2020), report and recommendation adopted, 2020 WL 5018255 (S.D.N.Y. Aug. 25, 2020). See also Thorne, 2019 WL 6916098, at *3 ("[T]he New York City Human Rights Commission has deemed awards of up to $1,000.00 to be sufficient to compensate a complainant for the injury that 'a decent and reasonable individual would suffer when faced with such ignorant behavior.'" (quoting Kreisler, 2012 WL 3961304, at *14)). Accordingly, I respectfully recommend that plaintiff be awarded $1,000 in compensatory damages. See Winegard, 2021 WL 1198960, at *3 (declining to award $1,500 in compensatory

12

damages under NYSHRL and NYCHRL "because Plaintiff ha[d] not established that he was harmed outside of the bare fact of discrimination").

V.   Attorney's Fees

The ADA and NYCHRL allow a prevailing party in an action to recover reasonable attorney's fees, including litigation expenses and costs. 42 U.S.C. § 12205; N.Y.C. ADMIN. CODE § 8-502(g). Plaintiff states without specificity that she "is entitled to . . . an award of costs and expenses of this action together with reasonable attorneys' and expert fees[.]" (Pl.'s Mem. at 6.) Accordingly, I respectfully recommend that plaintiff be ordered to file a motion for fees and costs, with proper documentation, within thirty days of any order adopting this report and recommendation. See Sumlin, 2025 WL 1703067, at *6 (directing plaintiff to file motion for attorney's fees within thirty days); Thorne, 2019 WL 6916098, at *3 (same); Brown v. 3700 Deli & Grocery Inc., No. 19 CV 7160, 2021 WL 289349, at *3 (S.D.N.Y. Jan. 27, 2021) (same).

## CONCLUSION

For the foregoing reasons, I respectfully recommend that plaintiff's motion for default judgment be granted in part and denied in part, and that the Court

(a) issue an injunction prohibiting defendant from discriminating against plaintiff and (1) requiring defendant to submit to plaintiff's counsel an implementation plan that remedies the violations identified above within sixty days of any order adopting this report and recommendation; (2) granting plaintiff thirty days from receipt of defendant's plan either to consent or to seek further relief from the Court; and (3) directing defendant to make the necessary changes within sixty days of plaintiff's consent or any ruling on plaintiff's request for further relief;

(b) award plaintiff $1,000 in compensatory damages under the NYSHRL and NYCHRL;

(c) deny plaintiff's request for declaratory relief; and

13

(d) direct plaintiff to file a motion for attorney's fees and costs within thirty days of any order adopting this report and recommendation.

Plaintiff is directed to serve a copy of this Report and Recommendation on defendant, and to file proof of service with the Court. Any objections to this Report and Recommendation must be filed electronically within fourteen (14) days. Failure to file objections within the specified time may waive a right to appeal the District Court's order. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(d).

Respectfully submitted,

*Robert M. Levy*
ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
August 18, 2025